Between JOSEPH IZARD, complainant, and JOEL BODINE, defendant.

1. Where a matter of fact has been referred to a master, depending upon the testimony of witnesses conflicting in their opinion, and differing in their recollection of past events, the decision of the master ought not to be interfered with on his mere judgment of the facts, unless it is a very plain case of error or mistake.

2. A master was directed to take an account of the waste, spoil and destruction, if any, committed or suffered on the premises, while the defendant, or any person claiming under him, remained in possession. *Held*, that he would not have been authorized to go behind the decree to consider equities existing between the parties, which would entitle the plaintiff to any but the ordinary rule in taking the account; those equities are for the consideration and determination of the Chancellor. No special directions having been given in the decree, it was the plain duty of the master to follow the ordinary rules in taking the account.

This case was argued at October Term, 1852, on exceptions to master's report.

*W. Halsted*, for complainant, in favor of exceptions.

*A. Browning, contra.*

THE CHANCELLOR. On the 29th of June, 1850, the Chancellor made an interlocutory decree, after hearing the case on the pleadings and proofs.

He declared that the complainant was entitled to relief; and ordered a reference to the master, to take an account of the yearly rent and value of the premises, from the twentieth of June, eighteen hundred and forty-eight, until the time of making his report; and also to take an account of the waste, spoil or destruction, if any, committed or suffered on said premises, while the defendant, or any person claiming under him, remained on the premises.

On the coming in of the master's report, the defendant filed the exceptions, which were in substance as follows:

First. That the master had estimated the yearly rent and value of the premises at too low a sum.

Second. That he had not allowed interest on the yearly rent and value.

Third. That the master had not made a sufficient allowance for waste, &c.

As to the first exception. It was a matter of fact submitted to the master, depending in a great measure upon the opinion of witnesses. In taking the testimony, or in applying it to the case submitted to him, I cannot see that the master has violated any principle of law. If he has erred, that error is to be found in his judgment upon the facts. He has had the witnesses before him, personally, and has thus had an opportunity of judging of the weight their evidence is entitled to.

Where a matter of fact has been referred to a master, depending upon the testimony of witnesses conflicting in their opinion, and differing in their recollection of past events, the decision of the master ought not to be interfered with on his mere judgment of the facts, unless it is a very plain case of error or mistake.

I cannot say that I am dissatisfied with the report of the master as to the yearly rent and value of the premises.

As to the second exception, the master was not directed to allow any interest; and whether or not the complainant is entitled to interest is a matter for the further consideration of the court.

The remarks I have made as to the first exception are applicable to the third. But the counsel of the complainant insists that the master should have allowed for something more than ordinary waste, and that the complainant was entitled to something more, from the nature of his case, as made by the pleadings and proofs.

The master was not authorized to go behind the decree. He was directed to take an account of the waste, spoil and destruction, if any, committed or suffered on the premises, while the defendant, or any person claiming under him, re-

Izard v. Bodine.

mained in possession. If there were equities existing between the parties, which entitled the complainant to any other than the ordinary rule, in taking this account, those equities were for the consideration and determination of the Chancellor, and not of the master. No special directions having been given in the decree, it was the plain duty of the master to follow the ordinary rules in taking the account.

I cannot, therefore, sustain this exception, as the interlocutory decree now stands. The account has been taken in the ordinary mode, and the master could adopt no other.

The exceptions are overruled, with costs.

CITED *in Hudson* v. *Trenton Locom. and Mach. Manuf. Co.*, 1 *C. E. Gr.* 478; *Clark* v. *Condit*, 6 *C. E. Gr.* 323.